**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| | BANKRUPTCY NO. 1:18-bk-10133 |
| Luis A. Gomez | |
| *aka* Luis A. Gomez Alcantara, | Judge: Beth A. Buchanan |
| *and* Cassandra G. Hecox-Gomez, | |
| *fka* Cassandra G. Hecox, | |
| *fka* Cassandra G. Hecox-Smith, | |
| Debtors. | |

**MOTION FOR RELIEF FROM STAY**
**FOR THE VEHICLE DESCRIBED AS A 2012 FIAT 500, VIN 3C3CFFBR5CT127428**

CarMax, its assignees and/or successors in interest, ("Movant" herein) alleges as follows:

1. That on or about January 18, 2018, the above named Debtors filed their Chapter 13 Petition in Bankruptcy with this Court.

2. Prior to the filing of the petition, on April 6, 2017, Debtor Luis Alonso Gomez made, executed and delivered a Retail Installment Contract ("Contract") to Movant or its predecessor, which bears interest as specified therein. The original Contract is held by Movant and a copy is attached hereto as **Exhibit "A"** and is incorporated by reference.

3. The indebtedness evidenced by the Contract is secured by a security interest in a **2012 Fiat 500, VIN 3C3CFFBR5CT127428** ("the Vehicle") as evidenced by a Certificate of Title, filed with the Department of Motor Vehicles, Commonwealth of Virginia. A copy of the Certificate is attached hereto as **Exhibit "B"** and is incorporated by reference.

4. Debtor purchased vehicle on April 6, 2017 in Colorado Springs, Colorado, but failed to file the appropriate paperwork to put the title in his name with the lien held by Movant.

5. Debtor has never made a payment on the loan.

6. Movant alleges that the automatic stay should be lifted for cause pursuant to 11 U.S.C. §362(d)(1) in that Movant lacks adequate protection of its interest in the Vehicle as

evidenced by the following:

  (a) Debtors defaulted under the terms of the Contract by failing to make payments when due and owing thereunder;

  (b) The Vehicle, and the value of the Vehicle, is in a state of decline and continues to decline; and

  (c) Debtors are unable to show that the Vehicle is properly insured.

7. Debtors' confirmed Chapter 13 Plan provides for payments directly to Movant outside the Plan.

8. As of January 14, 2019, the payoff total is $9,417.25.

9. In addition to the other amounts due to Movant reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Movant has also incurred $181.00 in court costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

10. The following chart refers only to the number and amount of outstanding post-petition payments due pursuant to the terms of the Contract.

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 12 | 01/21/18 | 12/21/18 | $269.80 | $3,237.60 |
|  |  |  | **Total:** | **$3,507.43** |

11. A post-petition payment history is not attached as the Debtors have failed to tender any post-petition payments. The post-petition payment history is reflected in the chart above.

12. Movant has elected to initiate proceedings to repossess the Vehicle with respect to the subject Contract; however, Movant is precluded from proceeding to commence said actions to take possession during the pendency of this Bankruptcy.

13. Based upon the foregoing, Movant alleges that Movant is not adequately protected, that the subject Vehicle is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Movant in taking possession of Movant's interest. Movant urges that this Court issue an Order herein permitting this Movant to proceed with any necessary action to repossess the Vehicle and to dispose of same in a commercially reasonable manner.

14. Margaret A. Burks has been appointed by this Court as the Chapter 13 Trustee in this instant Bankruptcy proceeding. By virtue of her position as Trustee of the estate of Debtor herein, she administers Debtor's Chapter 13 Plan of Reorganization. To the extent the relief sought herein is granted, Margaret A. Burks, Trustee, is bound by any such judgment.

15. The commercially reasonable average trade-in value of the Vehicle is approximately $2,675.00, as evidenced by the N.A.D.A. Official Online Used Car Guide, a copy of which is attached hereto as **Exhibit "C"** and is made a part hereof.

16. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 362(d).

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with any necessary actions to take possession of the subject Vehicle under Movant's Contract and to dispose of same in a commercially reasonable manner.

2.) In the alternative, for an Order requiring:

a) the Debtors to reinstate and maintain in a current condition all obligations due under all of the contracts encumbering the subject Vehicle, including Movant's Contract, and including insurance obligations, and reimbursement to Movant of any sums advanced on behalf of Debtors in order to protect Movant's interest in the subject Vehicle; and

b) allowing this Movant to proceed with any actions necessary to take possession of the subject Vehicle and dispose of same in a commercially reasonable manner, upon

3

the failure of Debtors to maintain the above-referenced payments in a current status.

3.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

4.) For court costs incurred herein.

5.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

6.) For such other relief as this Court deems appropriate.

Dated: January 25, 2019                                  Respectfully submitted,

/s/ Richard J. LaCivita
REIMER LAW CO.
BY: Richard J. LaCivita #0072368
BY: Cynthia A. Jeffrey #0062718
BY: Edward A. Bailey #0068073
30455 Solon Road
Solon, Ohio 44139
Phone: 440-600-5500
Fax: 440-600-5522
Attorneys for Creditor
rlacivita@reimerlaw.com
cjeffrey@reimerlaw.com
ebailey@reimerlaw.com
C.242-084